IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD P. PRUITT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-05-412-F |
| ) | |
| **B. LEHEW, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging certain violations of his federal constitutional rights. United States District Judge Stephen Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants have filed a Motion to Dismiss, alleging that Plaintiff has failed to exhaust the available administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has responded to the motion and a reply and sur-reply have been filed. The matter is now at issue. For the reasons discussed hereafter, the undersigned recommends that Defendants' Motion to Dismiss be granted and this action dismissed for failure to exhaust the available administrative remedies.

**Background**

This action was originally filed in the United States District Court for the Eastern District of Texas, the district in which Plaintiff is currently incarcerated. Because the claims arose out of Plaintiff's incarceration in the Comanche County Detention Center, located within the Western District of Oklahoma, the case has been transferred to this Court. In the form complaint, Plaintiff alleges separate claims against each of three defendants. He asserts that B. Lehew, Director of the Comanche County Jail in Lawton,

Oklahoma, denied his access to the courts by failing to provide access to a law library and denied his Sixth Amendment right to counsel by refusing to allow him to call his attorney. He also alleges that Lt. Pitts, a Comanche County Jail employee, failed to release him after the Texas authorities failed to take him into their custody within the time allowed. Finally, Plaintiff alleges that another Comanche County Jail employee, Lt. Bryant, violated his rights under the Eighth Amendment by placing him in a cell where other inmates assaulted him, breaking his eyeglasses and causing a cut under his left eye and a bruise on his lower lip. In response to the question on the form complaint, Plaintiff states that he has not exhausted the administrative remedies available in the Texas institution. Complaint at 3.

Because the complaint failed to adequately allege exhaustion of his administrative remedies, Plaintiff was ordered to show cause why the action should not be dismissed. After reviewing Plaintiff's response, the undersigned was unable to determine whether Plaintiff had fully exhausted his administrative remedies as required, and Plaintiff was allowed to serve Defendants.

Defendants have moved to dismiss the complaint, alleging Plaintiff's failure to exhaust his administrative remedies as to all of his claims as required under 42 U.S.C. § 1997e(a). Defendants assert that (1) dismissal is appropriate under the Prison Litigation Reform Act (PLRA) where administrative remedies have not been exhausted; (2) there is no futility exception under the Act; (3) Plaintiff failed to correct errors in the administrative remedy process; (4) Plaintiff's claim that the process was not explained is not supported by the record, and if true is irrelevant, and (5) at best, the complaint

reflects that some but not all claims have been exhausted, requiring dismissal. In his response to Defendants' motion, Plaintiff asserts that (1) dismissal would be inappropriate because exhaustion is not generally required regarding a § 1983 action; (2) exhaustion was not completed because the issues raised could not be resolved administratively; and (3) administrative remedies were not available because of interference from or negligence by jail officials and lack of explanation regarding the process.

## ANALYSIS

### Exhaustion of Administrative Remedies

The PLRA requires a prisoner to exhaust the available administrative remedies prior to bringing a §1983 action, such as this one, challenging prison conditions. Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found this Congressional mandate to be clear and unambiguous: exhaustion is <u>required</u>. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (quotation omitted). In order to comply with this standard, a prisoner is required to "(1) plead his claims with a 'short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[] a copy of the applicable administrative

3

dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003)(quoting *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000)). Additionally, this Circuit applies a "total exhaustion rule" to inmate civil rights complaints. *Ross v. County of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir. 2004) ("[T]he presence of unexhausted claims in [a] complaint require[s] a district court to dismiss [the] action in its entirety without prejudice.").

Plaintiff admits that he failed to exhaust the available administrative remedies. Although he contends that he did not receive any written information regarding the administrative remedies available at the jail, he admits that he was advised by jail officers that he would have to fill out a request to staff form to start the process before he could file a grievance.[1] Show Cause (Doc. No. 10) at 3. Plaintiff further admits that he started the administrative process by obtaining and completing a request-to-staff form complaining that he had not been extradited timely. A copy of the request to staff is included as part of his complaint. He contends that he received the request to staff back because it was sent to the Clerk of the Court rather than the Detention Center's Executive Assistant. Plaintiff's Response to Defendants' Motion to Dismiss at 5. (Doc. No. 35). Plaintiff does not assert that he attempted to resubmit the request to staff to the proper

---

[1]Exhaustion is necessary even if Plaintiff did not receive a personal copy of the jail handbook containing relevant administrative policies. *See Turrietta v. Barreras*, No. 02-2343, 91 Fed. Appx. 640, 642 (10th Cir. Feb. 5, 2004) (rejecting the plaintiff's argument that "he [had] never [been] informed of the grievance procedure"); *Gonzales- Liranza v. Naranjo*, No. 02-2110, 76 Fed. Appx. 270, 272-73 (10th Cir. Oct. 2, 2003) ("even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with [the PLRA's] exhaustion requirement") (Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.).

party. Rather, he alleges that he then demanded grievance forms, but the jail staff refused to give him the forms he needed and seven or eight days later, he was transferred to Texas.

Thus, Plaintiff contends that his failure to exhaust was the result of the jail officials' interference with his attempt to complete the administrative process. However, even assuming such interference by staff, the only claim that Plaintiff attempted to exhaust was a claim that he was not timely extradited to the charging district. Plaintiff does not contend that he even began the process by filing a request to staff regarding his claims of denial of access to court, interference with his right to counsel and violation of his Eighth Amendment rights.

The Tenth Circuit Court of Appeals has considered circumstances in which a prisoner has alleged that prison officials prevented him from exhausting administrative remedies. *See Smith v. Beck*, No. 04-7102, 2006 WL 292012 (10th Cir. Feb. 8, 2006)(citing cases and rejecting prisoner's claim that his transfer to another prison and prison official's refusal to allow him to take his property with him prevented him from exhausting administrative remedies). In any event, even assuming he was prevented by jail staff from exhausting his extradition claim, Plaintiff offers no explanation regarding his failure to exhaust or even begin the administrative process as to his other claims. One of the purposes of exhaustion is to give prison officials the first opportunity to address the prisoner's complaint--thereby potentially eliminating the need for litigation--and to create an administrative record that facilitates review of the prison's claim if litigation is ultimately pursued. *Ross*, 365 F.3d at 1184. This has not happened with respect to at

least some of Plaintiff's claims. It is clear under *Steele* and *Ross* that total exhaustion is required, and absent the exhaustion as to all claims, Plaintiff's action should be dismissed.

Plaintiff also contends that exhaustion should not be required because "in all reasonable probability (his claims) could not be resolved by the grievance resolution system." Plaintiff's Response to Defendants' Motion to Dismiss at 3. There is no futility exception to §1997e(a)'s exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Plaintiff's argument in this regard is therefore without merit.

### **RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendants' motion to dismiss (Doc. No. 19) be granted and this action be dismissed without prejudice. *See Steele*, 355 F.3d at 1213 ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice."). Upon affirmance or waiver of the right to appeal, the recommended dismissal will count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).[2] Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 7th day of September, 2006 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right

---

[2] *See Steele*, 355 F.3d at 1213 (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)") (citation omitted); *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.").

to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the instant case.

 ENTERED this 18th day of August, 2006.

            _____
            BANA ROBERTS
            UNITED STATES MAGISTRATE JUDGE