# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD P. PRUITT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-05-412-F |
| | ) |
| B. LEHEW, et al., | ) |
| | ) |
|     Defendants. | ) |

## O R D E R

On August 18, 2006, United States Magistrate Judge Bana Roberts issued a Report and Recommendation, wherein she recommended that defendants' motion to dismiss (doc. no. 19), alleging that plaintiff had failed to exhaust the available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), be granted and this action, pursuant to 42 U.S.C. § 1983, be dismissed without prejudice.

Presently before the court is plaintiff's objection to the Report and Recommendation. The court has conducted a *de novo* review of the matter pursuant to 28 U.S.C. § 636(b)(1). Having done so, the court agrees with Magistrate Judge Roberts that plaintiff has failed to show an exhaustion of available administrative remedies as required by the PLRA in regard to his claims against B. Lehew alleging denial of access to courts and interference with right to counsel and his claim against Lt. Bryant for imposition of cruel and unusual punishment. *See*, Woodford v. Ngo, 126 S.Ct. 2378 (2006) (the PLRA requires plaintiff to properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system). The court also concurs with Magistrate Judge Roberts' conclusion

that absent an exhaustion of all claims, defendant's motion to dismiss should be granted based upon the total exhaustion rule as set forth in Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004) ("[T]he presence of unexhausted claims in [prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice.")

In his objection, however, plaintiff has requested the court to rule as "moot" all of his claims with respect to this action, except the extradition claim, which plaintiff contends he did attempt to exhaust. It appears to the court from this request that plaintiff is seeking to voluntarily dismiss those claims which this court and Magistrate Judge Roberts finds to be unexhausted. A plaintiff wishing to eliminate particular claims or issues from an action must amend his complaint under Rule 15(a), Federal Rules of Civil Procedure, rather than to dismiss the claims or issues under Rule 41(a), Federal Rules of Civil Procedure. In the Report and Recommendation, Magistrate Judge Roberts has not made a specific finding as to whether or not plaintiff's extradition claim against Lt. Pitts has been exhausted. This is understandable in light of the fact that plaintiff's other claims were unexhausted and dismissal of the entire action would be appropriate under the authority of Ross. While plaintiff has admitted that he did not exhaust his administrative remedies in regard to the extradition claim, he has alleged throughout these proceedings that the prison officials interfered with his ability to exhaust his administrative remedies as to that claim by refusing to provide grievance forms. The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Courts have held that administrative remedies are not "available" when prison officials refuse to provide prisoners with grievance forms. See, Mitchell

v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), *cited with approval in* Baldauf v. Garoutte, 137 Fed. Appx. 137, 141, 2005 WL 1499424, *3 (10th Cir. Jun. 24, 2005); Hoover v. West, 93 Fed. Appx. 177, 181, 2004 WL 309338, *3 (10th Cir. Feb. 19, 2004); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), *cited with approval in* Johnson v. Wackenhut Corrections Corp., 130 Fed. Appx. 947, 950 2005 WL 1112089, *2 (10th Cir. May 11, 2005), *see also*, Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (factual issue existed as to exhaustion of administrative remedies when prisoner was refused requested grievance forms). On the record before it, the court cannot conclude that plaintiff is unable to raise an inference that he was prevented from utilizing administrative remedies on the extradition claim. Therefore, the court concludes that the dismissal of this action without prejudice, in accordance with defendants' motion to dismiss, the report and recommendation and this court's order, should be conditioned upon plaintiff filing an amended complaint which alleges the extradition claim against Lt. Pitts and which also sets forth in the amended complaint the specific facts regarding the alleged interference by prison officials preventing plaintiff from exhausting the administrative remedies for the extradition claim. *See*, Dawson v. Taylor, 128 Fed. Appx. 677, 679, 2005 WL 776163, *1 (10th Cir. Apr. 7, 2005) (district court may permit plaintiff who has filed mixed complaint to voluntarily dismiss unexhausted claims and proceed with exhausted claims); West v. Kolar, 108 Fed. Appx. 568, 570, 2004 WL 1834634, *2 (10th Cir. Aug. 17, 2004) (same)[1], Johnson v. G.E.O/Lawton Correctional Facility, Case No. 04-1407-C, 2005 WL 1532994, *1 (W.D. Okla. June 28, 2005) (permitting plaintiff to amend complaint to delete any reference to unexhausted claim).

---

[1] The unpublished decisions are cited for their persuasive value. *See*, 10th Cir. R. 36.3.

To summarize, the court concurs with Magistrate Judge Roberts' finding that plaintiff has not exhausted his administrative remedies as to claims alleged against B. Lehew and Lt. Bryant and that dismissal of this action would be appropriate under the total exhaustion rule as set forth in Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). The court therefore accepts, adopts and affirms the report and recommendation and shall grant defendants' motion to dismiss. However, for the reasons above stated, dismissal of this action will be conditioned upon plaintiff filing an amended complaint, on or before October 10, 2006, to allege only his extradition claim against Lt. Pitts and to allege in the amended complaint the specific facts regarding the alleged interference by prison officials preventing plaintiff's utilization of the administrative remedies for the extradition claim. If plaintiff files an amended complaint by October 10, 2006, the court will re-refer this action to Magistrate Judge Roberts for further proceedings. The action will proceed only on the amended complaint, which supersedes the original complaint. If plaintiff fails to amend his complaint by October 10, 2006, the court will enter a final judgment dismissing this action without prejudice in accordance defendants' motion to dismiss, the report and recommendation and this order. Upon affirmance or waiver of the right to appeal, the judgment of dismissal without prejudice will count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

By allowing plaintiff to amend, the court is not making any ruling on the merits regarding the question of plaintiff's exhaustion of administrative remedies on the extradition claim. The court is simply permitting plaintiff to amend his complaint so as to dismiss the clearly unexhausted claims and the issue of exhaustion of administrative remedies as to the extradition claim will be left for later decision, if appropriate.

IT IS THEREFORE ORDERED that the Report and Recommendation issued on August 18, 2006 (doc. no. 51) is **ACCEPTED, ADOPTED,** and **AFFIRMED**. Defendants' Motion to Dismiss, filed September 15, 2005 (doc. no. 19) is **GRANTED**.

IT IS FURTHER ORDERED that the dismissal without prejudice of this action is conditioned upon plaintiff filing, on or before October 10, 2006, an amended complaint which alleges his extradition claim against Lt. Pitts and also sets forth the specific facts regarding the alleged interference by prison officials preventing plaintiff's utilization of the administrative remedies for the extradition claim. If plaintiff files an amended complaint by October 10, 2006, the court will re-refer this action to Magistrate Judge Roberts for further proceedings. If plaintiff fails to amend his complaint by October 10, 2006, the court will enter a final judgment dismissing this action without prejudice in accordance defendants' motion to dismiss, the report and recommendation, and this order.

Entered this 22nd day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0412p002.wpd

5