## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD P. PRUITT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **-vs.** | )   **Case No. CIV-05-412-F** |
| | ) |
| **B. LEHEW, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

By order of September 22, 2006, United States District Judge Stephen P. Friot adopted the undersigned's initial Report and Recommendation with respect to the first complaint of Plaintiff, a pro se prisoner, and allowed Plaintiff the opportunity to file an amended complaint eliminating certain claims and specifically pleading an extradition-related claim against the only remaining defendant, Lt. Pitts [Doc. No. 53].  Plaintiff was further ordered to set forth with specificity those "facts regarding the alleged interference by prison officials preventing plaintiff from exhausting the administrative remedies for the extradition claim." *Id.* at 3.  Judge Friot made clear that in allowing the amendment, "the court [was] not making any ruling on the merits regarding the question of plaintiff's exhaustion of administrative remedies on the extradition claim." *Id.* at 4.

Plaintiff's amended complaint [Doc. No. 62] and a responsive motion to dismiss for failure to exhaust administrative remedies have now been filed [Doc. No. 64][1] and briefed [Doc. No. 69].  After having filed his brief in opposition to the dismissal motion,

---

[1]The dismissal motion is filed on behalf of the three original defendants on the theory that Plaintiff "seems to assert the extradition claim against all three Defendants." [Doc. No. 64, pp. 2 - 3].  Plaintiff responds that his amended complaint is maintained against *only* Defendant Pitts [Doc. No. 69, pp. 2 -3 ], and the complaint is so construed by the undersigned.

Plaintiff – whose mail was delayed during his transfer between institutions – received the undersigned's order advising that because Defendants' dismissal motion was supported by affidavit and could be treated as one for summary judgment, Plaintiff could not depend on the mere allegations in his amended complaint to counter Defendants' evidence [Doc. No. 66].  Consequently, Plaintiff has now filed a motion for extension of time – until February 3, 2007 – in order to secure affidavits from other prisoners with regard to Defendant Pitt's statements and actions [Doc. No. 71].[2]  For the reasons which follow, the undersigned is recommending that Defendant Pitt's motion to dismiss be granted and that Plaintiff's action be dismissed for failure to properly exhaust administrative remedies.  In making this recommendation, the undersigned has not relied on any evidence submitted in connection with any defense motion but has relied instead only on statements and admissions made by Plaintiff in his amended complaint and in other filings with the court.  Thus, the dismissal motion has not been converted to one seeking summary judgment, and Plaintiff's request for time to allow him to obtain affidavits is moot.

**Plaintiff's Amended Complaint**

Plaintiff alleges through his amended complaint that Defendant Pitts violated Plaintiff's due process rights by failing to release him after the time had expired for

---

[2]In requesting another extension of time, Plaintiff states that he "was not aware of the provisions of Fed. R. Civ. P. Rule 56, nor Rule 12 (b)." [Doc. No. 71, p. 2].  This is simply not true.  Plaintiff was previously made aware of these provisions by the undersigned in connection with Defendants' motion to dismiss Plaintiff's opening complaint.  *See* Doc. No. 22.

officials from Texas to pick him up [Doc. No. 62, p. 8].[3] Plaintiff claims that Defendant

Pitts lied to him about when the Texas officials would arrive and about the fact that they

had obtained an extension of time within which to extradite Plaintiff, assuring Plaintiff

that the Dallas officials would be there within the next ten working days and that he did

not need to file any grievance.  *Id.* at 3.  Plaintiff claims that he waited the ten days and

then began requesting grievance forms and, "That the Comanche County Detention Ctr.

Employees namely *'Lt. Pitts'* fail[ed] to provide the necessary forms to file for adm.

remedies timely as prescribed by B.O.P policy."[4]  *Id.* at 4.  Plaintiff further alleges that

> Inmate, [Pruitt], also identified the specific form that he was told by Lt.
> Pitts, and Officer McDaniels, the "Request to Staff form" which (in-this-
> case), is the form the Comanche County Detention Ctr. requires inmates to
> complete in order to start the process (grievance). . . . [Pruitt], also stated
> that a officer [McDaniels], kept telling him that there was no grievance
> forms on the 1st floor, on the level where this inmate was housed.  That he
> would get some but never did. . . . Based on the officials refusal to supply
> plaintiff with the proper grievance forms, their was no available adm.
> remedies for this plaintiff to exhaust with regard to the extradition claim.

*Id.* at 5.

Plaintiff continues by alleging that Defendant Pitts has failed to show the court any

institutional policy "that would allow inmates to submit a grievance or complaint

without the proper Prison of Bureau [sic] grievance forms [and that] [i]f the jail officials

refused to provide this inmate with those forms when requested . . . this inmate could not

have any available remedies with regard to the extradition claim."  *Id.* at 6.  Referring

---

[3]Although this is not detailed in the amended complaint, Plaintiff alleged in his original complaint that he was being held in the Comanche County Detention Center on a parole violation warrant out of Dallas, Texas [Doc. No. 1, Attachment 3, consecutive p. 4].

[4]Without explaining his rationale, Plaintiff makes repeated reference to Bureau of Prisons procedures and forms throughout his more recent filings.

then to the Request to Staff form incorporated within his original complaint [Doc. No. 1,

Attachment 3], Plaintiff alleges that the form was not the form "mandated by the B.O.P."

[Doc. No. 62, p. 7].  He continues, contending that

> This Request-to-Staff form was the form provided by jail staff to give to
> inmates requesting information about court dates, court dockets, etc, etc.
> This is why this form was sent to the clerk of the court, as plaintiff was told
> to send this form to the clerk for a response.  That's why the "notation" on
> the left hand corner of the form, "There-is-not-a-*case*-in-Comanche-County-
> to-file-this-in[.]" Further, Plaintiff filed this form hoping to brought before
> a Judge in order to file a "writ" of release.

*Id.*  Plaintiff also maintains that, "The 'Request to Staff form' was just another stall tactic

to be used by the jail officials while awaiting the P.T.S. to come pick-up this plaintiff."

*Id.*at 9.

## **Failure to Properly Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner

exhaust all available administrative remedies before resorting to a § 1983 action in

federal court.  Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any
> jail, prison, or other correctional facility until such administrative remedies
> as are available are exhausted.

The United States Supreme Court has found that the mandate of Congress is clear:

exhaustion is *required.  Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available'

remedies must now be exhausted; those remedies need not meet federal standards, nor

must they be plain, speedy, and effective.") (quotation omitted)).  In this same vein, the

Supreme Court has recently concluded that all available administrative remedies must

be *properly* exhausted, rejecting the argument that such a requirement is harsh:

4

> [Prisoner] argues that requiring proper exhaustion is harsh for prisoners, who generally are untrained in the law and are often poorly educated. This argument overlooks the informality and relative simplicity of prison grievance systems . . . as well as the fact that prisoners who litigate in federal court generally proceed *pro se* and are forced to proceed with numerous unforgiving deadlines and other procedural requirements.

*Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378, 2393 (2006).

The Tenth Circuit has held that exhaustion is not an affirmative defense to be raised and proven by a defendant; rather § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). As the Tenth Circuit explained: "To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

To this end, Plaintiff included a copy of a Comanche County Detention Center request to staff form as a part of his original complaint [Doc. No. 1, Attachment 3, consecutive p. 3]. By his request to staff – directed to "District Clerk" – Plaintiff requests, "That I be either released or taken in front of a Judge to show cause as to why I have not been released as this facility can only hold me 14 days. I've been here over 15 day now!!!" *Id.* Plaintiff, whose complaint was transferred from the Eastern District of Texas where Plaintiff was incarcerated at the time of filing, *id.* at Attachment 2, indicated in the form complaint utilized in that District that he had not exhausted both steps of the grievance procedure in the institution.[5] *Id.* at Attachment 3, p. 2. Based on an initial review of the complaint, the undersigned found that Plaintiff had failed to adequately

---

[5]The Eastern District of Texas form complaint calls for the attachment of "a copy of the Step 2 grievance with the response supplied by the prison system." [Doc. No. 1, Attachment 3, p. 2].

5

allege exhaustion of his administrative remedies and ordered him to show cause why his action should not be dismissed [Doc. No. 5].

In responding to the show cause order, Plaintiff maintained that he did make a good faith effort to exhaust his administrative remedies but had been unable to do so [Doc. No. 10, p. 2]. Plaintiff explained that when he complained at the Comanche County Detention Center about not receiving an extradition hearing, he was advised by Officer McDaniel that, "I would have to fill out a "Request-to-Staff-form. As *this* was the process to follow before any grievance could be filed." *Id.* at 3.[6] In further response to the show cause order, Plaintiff explained that he received his request to staff form back and was then released from the detention center seven to eight days later [Doc. No. 10, p. 3]. Plaintiff maintained that during this seven to eight day period he "requested, and even demanded grievance forms to no avail." *Id.*

Plaintiff provided a more detailed explanation of his exhaustion efforts in responding [Doc. No. 35] to Defendants' motion to dismiss his opening complaint, a motion grounded, in part, on the fact that Plaintiff had not properly sought to administratively exhaust his claim because he directed his request to staff to the district clerk rather than to a detention center staff member as prescribed by the form [Doc. No. 19]. Plaintiff again maintained that he attempted to informally resolve his extradition complaint by completing a request to staff form [Doc. No. 35, p. 5]; that he gave the form to a "floor officer" and "if this Request to Staff form was submitted to the District Clerk, it was done so by one of the officers of the Comanche County Detention Center[,]" *id.* at

---

[6]Plaintiff, in fact, noted on the copy of his request to staff filed with his complaint that, "This! was their form of a Step 1#." [Doc. No. 1, Attachment 3, p. 3].

6; that because the form was returned without any signature, date or disposition entered by a staff member, the detention center did not follow the grievance procedure, *id.* at 5; and, because he never received a response from the detention center, he could not have filed a grievance, *id.* at 6.

Plaintiff's next statement concerning his administrative exhaustion process was in his objection to the undersigned's initial Report and Recommendation [Doc. No. 52]. In reacting to the finding that he had not claimed any attempt to resubmit the request to staff form to the proper party after receiving it back from the district clerk, Plaintiff, after reiterating that he was denied the chance to file his grievance, stated that

> After seeing the indifference of the staff at the detention center, Plaintiff felt it would have been useless to attempt to file any other forms, and again did not have enough time to file any-thing-else, as Plaintiff was extradited a few days later back to Texas.

*Id.* at 2.

Plaintiff then filed his amended complaint in which, as detailed above, his version of the facts takes a different turn.   In connection with the request to staff form incorporated within his original complaint, Plaintiff now maintains that he was denied the proper forms and that the request to staff form he filled out was one given to inmates by the jail staff to request information about court dates and court dockets [Doc No. 62, p.7].  Contrary to his previous assertions that "if this Request to Staff form was submitted to the District Clerk, it was done so by one of the officers of the Comanche County Detention Center" and that "Plaintiff denies the defendants' allegation that I submitted the Request Staff form to the district clerk[,]" [Doc. No. 35, p. 6],  Plaintiff now claims

that he "filed this form" and that he "was told to send this form to the clerk for a response." [Doc. No. 62, p. 7].[7]

In summary, in the course of his multiple filings with this court Plaintiff has acknowledged: (1)  that upon complaining to staff at the Comanche County Detention Center about not receiving an extradition hearing, he was advised that the Center's grievance process required him to fill out a request to staff form, or what he sometimes refers to as a "Step 1 form,"  before completing a grievance [Doc. No. 10, p. 3]; (2) that he was given and subsequently completed a "Comanche County Detention Center Request to Staff" form, a copy of which is incorporated in his initial complaint [Doc. No. 1, Attachment 3, consecutive p. 3]; the request to staff form is directed to "District Clerk" rather than to a Comanche County Detention Center staff member identified by name and title as instructed by the form, *id.*; (4) that the form was returned to him with the notation, "There is not a case in Comanche County to file this in" [Doc. No. 1, Attachment 3, p. 3; (5) that there were "about 7 - 8 days between the time Plaintiff received the form 'Request-to-Staff' back and when he was released from the facility." [Doc. No. 10, p.3]; and, (6) Plaintiff did not attempt to resubmit the request to staff form to the proper authorities because, "After seeing the indifference of the staff at the detention center, Plaintiff felt it would have been useless to attempt to file any other forms." [Doc. No. 52, p. 2].

---

[7]In this same vein, Plaintiff states in his response to Defendant Pitt's current motion to dismiss that, "At-no-time was plaintiff ever told to send this form to anyone but the Clerk of the Court." [Doc. No. 69, p. 8].

Consequently, Plaintiff's filings demonstrate that he was aware of the detention center's grievance process, and, contrary to his repeated claims that he was denied access to the requisite forms, he was obviously furnished with the proper request to staff form because he included a copy of it with his opening complaint.  Despite having the correct form, Plaintiff did not properly address it to a detention center staff member for the informal resolution which he claims he was attempting.[8]  Instead, Plaintiff addressed the form to the "District Clerk" and offers two conflicting explanations for the form having been so directed.  In either event, Plaintiff had ample time – seven or eight days by his own account – after he received the improperly submitted request to staff form back from the "District Clerk" within which to properly submit it to a detention center staff member but he chose not to because he "felt it would have been useless to attempt to file any other forms." [Doc. No. 52, p. 2].

Plaintiff thus failed to *properly* exhaust the administrative remedies available to him, and such failure is fatal to his claim.  *See Woodford*, 126 S.Ct. 2378 at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of it proceedings.").  *See also  Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) (Inmates must "*properly* complete the grievance process.").   Plaintiff  initiated the process by submitting the required request to staff form, but he failed – despite claiming that he was attempting informal resolution of his complaint –  to properly address the form to the attention of a Comanche County

---

[8]In response to the first motion to dismiss, Plaintiff contends that he "did attempt to resolve the issues(s), (informally) by completing a 'Request to Staff form." [Doc. No. 35, p. 5].

Detention Center staff member.  After receiving the improperly submitted form back from the district court, he made a deliberate choice not to resubmit it to a staff member because he felt that it would be useless to do so.  The Supreme Court has, however, refused to "'read futility or other exceptions into'" the exhaustion requirement. Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001) (quoting Booth, 532 U.S. at 741 n.6). *See also Jernigan,* 304 F.3d at 1032 ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Defendant Pitt's motion to dismiss [Doc. No. 64] Plaintiff's amended complaint be granted and that Plaintiff's complaint be dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies.   In light of this recommendation, it is further recommended that Plaintiff's motion for discovery [Doc. No. 61], Plaintiff's motion for extension of time [Doc. No. 71], and Defendant's motion for leave to file a reply brief [Doc. No. 72] be denied as moot.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 11th day of January, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United*

*States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 22nd day of December, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE