# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD P. PRUITT, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-05-412-F |
| B. LEHEW, et al., | ) ) ) |
|     Defendants. | ) |

## O R D E R

On December 22, 2006, United States Magistrate Judge Bana Roberts issued a Supplemental Report and Recommendation, wherein she recommended that defendant Pitts' motion to dismiss (doc. no. 64), be granted and plaintiff's amended complaint be dismissed without prejudice. Magistrate Judge Roberts further recommended that plaintiff's motion for discovery (doc. no. 61), plaintiff's motion for extension of time (doc. no. 71), and defendant's motion for leave to file a reply brief (doc. no. 72) be denied as moot.

Presently before the court is plaintiff's objection to the Report and Recommendation. The court has conducted a *de novo* review of the matter pursuant to 28 U.S.C. § 636(b)(1). Having done so, the court agrees with Magistrate Judge Roberts that plaintiff has failed to properly exhaust his administrative remedies in regard to the remaining extradition-related claim, and such failure is fatal to the claim. Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378 (2006).

In his objection, plaintiff requests, in the respect of fair play and justice, that the court grant him a stay for a period of 180 days while he exhausts administrative remedies. Plaintiff, in support of his request, cites to the 1980 Civil Rights of

Institutionalized Persons Act, 94 Stat. 352, as amended, 42 U.S.C. § 1997e(a)(1). However, plaintiff's reliance is misplaced because plaintiff refers to a previous, superseded, version of § 1997e. The provision to which plaintiff refers was replaced in 1996.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  42 U.S.C. § 1997e(a)(1) authorized district courts to stay a state prisoner's § 1983 action "for a period of not to exceed 180 days" while the prisoner exhausted available "plain, speedy, and effective administrative remedies."  Id. at 523.  However, in 1996, as part of the Prison Litigation Reform Act ("PLRA"), Congress heightened the exhaustion requirement by eliminating a district court's discretion to enter a stay to allow the exhaustion of a prisoner's grievance.  Consequently, since 1996, Section 1997e does not contain a subsection "(a)(1)," nor does § 1997e provide for a 180-day extension period.  Now, section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available." 42 U.S.C. § 1997e(a), *see also*, Porter, 534 U.S. at 524.  The court therefore concludes that plaintiff's request for a 180-day stay should be denied.

In his objection, plaintiff further requests that if a stay is denied, the court grant him leave to dismiss the suit so that he can satisfy the requirements of the PLRA. Under Rule 41(a)(1)(i), Fed. R. Civ. P., a plaintiff may dismiss an action, without order of the court, by filing a notice of dismissal at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs.  The filing of an amended complaint does not terminate plaintiff's right to a voluntary dismissal, if defendant has not served an answer or a motion for summary judgment in response to the original or the amended pleading. 8 James WM. Moore, Moore's Federal Practice,  41.33[5][c][vi] (3d ed. 2006).

Rule 41(a)(1)(i) does not prescribe the precise form of a notice of dismissal. As the only remaining defendant, Lt. Pitts, has not served an answer or a motion for summary judgment as to the original complaint or the amended complaint, the court will construe plaintiff's objection as a notice of dismissal and this action shall be deemed dismissed without prejudice pursuant to Rule 41(a)(1)(i).

Accordingly, plaintiff's objection filed January 16, 2007 (doc. no. 76) is construed as a notice of dismissal pursuant to Rule 41(a)(1)(i), Fed. R. Civ. P., and this action is deemed **DISMISSED WITHOUT PREJUDICE** as of January 16, 2007. In light of plaintiff's dismissal of this action without prejudice, the Supplemental Report and Recommendation issued on December 22, 2006 (doc. no. 74) is **DECLARED MOOT**. Plaintiff's motion for discovery, filed October 26, 2006 (doc. no. 61), defendant's motion to dismiss, filed November 6, 2006 (doc. no. 64), plaintiff's motion for extension of time, filed December 13, 2006 (doc. no. 71), and defendant's motion for leave to file a reply brief, filed December 15, 2006 (doc. no. 72), are **DECLARED MOOT**.

Entered this 22nd day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0412p006.wpd